```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
 PROTECTIVE LIFE INSURANCE            :
 COMPANY,                             :
                  Interpleader Plaintiff,   :
 v.                                   :     OPINION AND ORDER
                                      :
 CHERYL MEHRKAR; and STACY N.         :     22 CV 10275 (VB)
 PREVITE, as Personal Representative of the :
 Estate of Anthony Louis Previte,     :
                  Interpleader Defendants.  :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Protective Life Insurance Company ("Protective") brings this interpleader action against defendants Cheryl Mehrkar and Stacy N. Previte, as personal representative of the estate of Anthony Louis Previte (the "Estate"), to resolve defendants' competing claims to the death benefit of decedent Anthony Previte's life insurance policy. (Doc. #1 ("Compl.")).

Now pending is the Estate's unopposed[1] motion for summary judgment. (Doc. #34).

For the reasons set forth below, the motion is GRANTED.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1335.

---

[1] Defendant Mehrkar was served copies of the summons and complaint in this action on January 2, 2023. (Doc. #9). To date, Mehrkar has neither appeared nor answered, moved, or otherwise responded to the complaint. On February 6, 2023, a certificate of default was entered against her. (Doc. #15). On May 23, 2023, Mehrkar was served, via Certified Mail, copies of the Estate's Notice of Motion for Summary Judgment and supporting papers. (Doc. #37). As Mehrkar has neither opposed the Estate's motion nor sought an extension of time to do so, the Court deems the motion fully submitted and unopposed.

1

**BACKGROUND**

The Estate has submitted a memorandum of law, a statement of material undisputed facts pursuant to Local Civil Rule 56.1,[2] and supporting declarations and exhibits. Together, they reflect the following factual background.

On August 19, 1993, Aetna Life Insurance and Annuity Company[3] issued a policy insuring the life of Anthony Previte for an initial specified amount of $54,902. (Doc. #34-4 (the "Policy") at ECF 4, 19).[4] At the time the Policy was issued, Anthony Previte was married to Cheryl Previte (now Cheryl Mehrkar). Mehrkar was designated the Policy's primary beneficiary. The Policy provides "the rights of any beneficiary who dies before the Insured belong to the Owner" (Id. at ECF 8)—the "Owner" in this case being the insured, Anthony Previte. (Id. at ECF 4).

Mehrkar and Anthony Previte divorced in May 1996, and Anthony Previte subsequently married Stacy Previte on April 15, 2008. Stacy and Anthony Previte remained married until Anthony's death on July 11, 2022.

---

[2] Because Mehrkar did not submit a counterstatement pursuant to Local Civil Rule 56.1(b), the Court deems the facts in the Estate's Rule 56.1 statement to be undisputed. See Local Civil Rule 56.1(c). Nonetheless, because the Court must be "satisfied that the citation to evidence in the record supports [the Estate's] assertion[s]," Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004), it has independently reviewed the factual record with respect to each of the Estate's statements of material undisputed fact. Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (noting a district court "may in its discretion opt to conduct an assiduous review of the record even where one of the parties" has not filed a counterstatement).

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[3] In April 1999, Protective coinsured the Policy and became solely responsible for payment of the death benefit.

[4] "ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

2

Protective alleges that in August 2022, Mehrkar submitted a claim for the Policy's death benefit and attached a copy of the Judgment of Divorce between Mehrkar and Anthony Previte. Protective contends it informed Mehrkar of its understanding that, under New York's revocation-upon-divorce statute, her entitlement to the death benefit was revoked upon her divorce from Anthony Previte. See N.Y. Est. Powers & Trusts Law § 5-1.4. Protective alleges Mehrkar nonetheless continued to "pursue her claim" to the Policy's proceeds. (Compl. ¶ 16).

On December 5, 2022, Protective commenced this interpleader action, requesting that the Court determine whether Mehrkar or the Estate is entitled to the Policy's death benefit.

## DISCUSSION

I.  Interpleader Relief

Under the federal interpleader statute, a stakeholder facing competing claims to money or property may join the adverse claimants in a single suit so that a court may adjudicate entitlement to the res. See 28 U.S.C. § 1335.

Interpleader relief is proper when (i) the amount in controversy exceeds $500, (ii) there are adverse claimants, at least two of whom are diverse from one another, "without regard to the citizenship of other claimants or the stakeholder," and (iii) the stakeholder deposits the money or property with the court. N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 n.5 (2d Cir. 1983).

Interpleader actions ordinarily proceed in two steps: a court (i) determines the requirements of Section 1335 have been met and relieves the stakeholder of liability, and (ii) "proceeds to adjudicate the claims before it just as it would in any other civil action." Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 (2d Cir. 1988). "[T]his bifurcation is not

3

mandatory, however, and the entire action may be disposed of at one time. N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d at 95.

Further, the interpleader statute "is remedial and to be liberally construed." Ashton v. Paul, 918 F.2d 1065, 1070 (2d Cir. 1990). Thus, an interpleader plaintiff "is not required to evaluate the merits of conflicting claims at its peril; rather, it need only have a good faith concern about duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not to others." Sotheby's, Inc. v. Garcia, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992).

Interpleader relief is appropriate here. The Policy's death benefit exceeds $500, and there is diversity of citizenship between the defendants. (Compl. ¶¶ 2, 3). The Estate and Mehrkar have also made adverse claims to the res—Mehrkar claimed to Protective she was entitled to the death benefit as the designated primary beneficiary, and the Estate claims it is entitled to the funds because Mehrkar's beneficiary status was revoked. Lastly, on April 24, 2023, Protective deposited the Policy's proceeds with the Court pending adjudication of the defendants' claims. Accordingly, the Court proceeds to the second step by resolving the Estate's motion for summary judgment.

II.     Summary Judgment Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

A fact is material when it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Id.

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). Bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

III.     Analysis

The Estate argues Mehrkar has forfeited any claim she may have to the Policy's death benefit by failing to appear in this action, and that, in any event, Mehrkar's beneficiary designation was revoked upon her divorce from Anthony Previte in 1996.

The Court agrees.

An interpleader-defendant who fails to answer a complaint or appear in the action "can be viewed as forfeiting any claim of entitlement that might have been asserted." Gen. Accounting Grp. v. Gagliardi, 593 F. Supp. 1080, 1089 (D. Conn. 1984); Aegean Bunkering (USA) LLC v. M/T Amazon, 2016 WL 8254780, at *2 (S.D.N.Y. May 23, 2016); see also N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d at 95–96 (noting the defaults of all but one interpleader defendant obviated the court's adjudication of the competing claims).

Though Mehrkar submitted a claim for the death benefit to Protective, it is undisputed she has failed to participate in this litigation. Accordingly, Mehrkar has forfeited her entitlement to the Policy proceeds.

Moreover, even if Mehrkar had not forfeited her claim to the Policy, the Court finds her beneficiary designation was revoked as a matter of law.

New York[5] Estates, Powers and Trusts Law Section 5-1.4 provides, in relevant part:

> (a) Except as provided by the express terms of a governing instrument, a divorce . . . revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including, but not limited to, a disposition or appointment . . . by beneficiary designation in a life insurance policy . . . .

---

[5] Though this action arises under the federal interpleader statute, the Court's jurisdiction is still dependent upon diversity of citizenship. See Guardian Life Ins. Co. v. Gilmore, 45 F. Supp. 3d 310, 323 (S.D.N.Y. 2014). In diversity cases, district courts must apply the choice-of-law rules of the forum state to determine which state's substantive law controls. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). "In New York, the forum state in this case, the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001). Though Protective alleges Anthony Previte died in Florida, where he resided at the time of his death (Compl. ¶¶ 3, 10), New York and Florida have passed substantively identical statutes concerning the revocation of a spouse's beneficiary designation upon divorce. Compare Fla. Stat. § 732.703(2), with N.Y. Est. Powers & Trust Law § 5-1.4. The application of either the New York or Florida statute would produce the same result in this case. Accordingly, the Court finds no actual conflict of laws and will apply the law of New York—the state in which the Policy was issued.

(b)(1) Provisions of a governing instrument are given effect as if the former spouse had predeceased the divorced individual as of the time of the revocation. . . .

(f)(5) "Governing instrument" includes, but is not limited to, a[n] . . . insurance policy . . . or a contract relating to the division of property made between the divorced individuals before or after the marriage, divorce, or annulment.

It is undisputed Mehrkar and Anthony Previte were divorced in 1996. It is also undisputed the Policy, as submitted to this Court, contains no express provision that alters or otherwise negates the application of Section 5-1.4. Accordingly, Mehrkar's status as the primary beneficiary of the Policy was revoked upon her divorce from Anthony Previte.

Section 5-1.4(b)(1) provides that the Court must give effect to the provisions of the Policy as if Mehrkar had predeceased Anthony Previte as of the time Mehrkar's beneficiary designation was revoked—i.e., upon their divorce. The Policy provides "the rights of any beneficiary who dies before the Insured belong to the Owner." (Policy at ECF 8). Thus, had Mehrkar predeceased Anthony Previte, Mehrkar's rights under the Policy would belong to him.

Accordingly, the Estate is entitled to the Policy's death benefit as a matter of law.

## CONCLUSION

The Estate's motion for summary judgment is GRANTED.

By no later than November 14, 2023, Protective shall, if it so wishes, submit a request for reasonable attorneys' fees and costs incurred in bringing this interpleader action, to be paid out of the funds deposited into the registry of the Court. In an exercise of its discretion, the Court may or may not make such an award. The Court notes that from the standpoint of Protective this has been a straightforward and uncomplicated interpleader action. Moreover, the amount of the interpleader fund is modest, and the Estate has already had to incur meaningful costs in litigating the matter. Protective shall keep the foregoing in mind in deciding whether to request attorneys' fees and costs. See Feehan v. Feehan, 2011 WL 497852, at *6-8 (S.D.N.Y. Jan. 10, 2011)

(observing that courts typically decline to award attorneys' fees and costs to insurance companies in interpleader actions).

    The Clerk is instructed to terminate the motion. (Doc. #34).

Dated: October 31, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge